IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ISABEL VASQUEZ                             §
                                           §
Plaintiff                                  §
                                           §
V                                          §        CIVIL ACTION NO. 4:25-cv-1112
                                           §
NEW STARLAND CORP.                         §
QINNONG HU, Individually,                  §
LI GONG, Individually and                  §
JIAXIN LIN, Individually                   §
                                           §
Defendants

## PLAINTIFFS' ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. and Supp. III) ("FLSA"). This action is brought to recover unpaid minimum wage and overtime compensation, liquidated damages, and attorney's fees owed to ISABEL VASQUEZ ("Plaintiff"), by Defendants NEW STARLAND CORP., and QINNONG HU, Individually, LI GONG, Individually and JIAXIN LIN, Individually.

### Parties

1.      Plaintiff ISABEL VASQUEZ ("Ms. Vasquez"), is a former employee of the Defendants, as that term is defined by the FLSA, and are represented by the undersigned.

2.      Defendant NEW STARLAND CORP., ("NEW STARLAND") is a Texas corporation that employed Plaintiff. With respect to Plaintiff, NEW STARLAND is subject to the provisions of the FLSA, as it was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant NEW STARLAND

1

may be served with process through its registered agent, QINNONG HU, at 14 Electra Circle, The Woodlands, Texas, 77354 or 15 Grant Regency Cir., Spring, Texas, 77382, or wherever he may be found.

3.      Defendant QINNONG HU, ("Mr. Hu") is an individual who was an "employer" of Plaintiff as that term is defined by the FLSA.  With respect to Plaintiff, Mr. Hu is subject to the provisions of the FLSA, as he was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Mr. Hu may be served with process at 14 Electra Circle, The Woodlands, Texas, 77354 or 15 Grant Regency Cir., Spring, Texas, 77382, or wherever he may be found.

4.      Defendant LI GONG, ("Mr. Gong") is an individual who was an "employer" of Plaintiff as that term is defined by the FLSA. With respect to Plaintiff, Mr. Gong is subject to the provisions of the FLSA, as he was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Mr. Gong may be served with process at 14 Electra Circle, The Woodlands, Texas, 77354 or 15 Grant Regency Cir., Spring, Texas, 77382, or wherever he may be found.

5.      Defendant JIAXIN LIN, ("Mr. lIN") is an individual who was an "employer" of Plaintiff as that term is defined by the FLSA. With respect to Plaintiff, Mr. Lin is subject to the provisions of the FLSA, as he was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Mr. Lin may be served with process at 14 Electra Circle, The Woodlands, Texas, 77354 or 15 Grant Regency Cir., Spring, Texas, 77382, or wherever he may be found.

## Jurisdiction and Venue

6.      This Court has jurisdiction under the FLSA, and venue is proper under 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.  At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, purchasing materials through commerce, using equipment and supplies obtained through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and cell phones, electronic mail and the Internet.  At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendants' business.  Venue is proper under 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.  Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

7.      Ms. Vasquez worked as a food attendant and was employed by Defendants from April 2022 to January, 2025 and consistently worked over 40 hours per week; she worked 6 days per week, usually and generally worked at least 72 hours per workweek. As a food attendant, Ms. Vasquez' duties consisted of but were not limited to picking up dishes from tables, washing and

drying dishes, setting dishes needed for customers in dining area, cleaning and polishing silverware, cleaning restrooms, washing windows, picking up trash, and cleaning up after customers. Ms. Vasquez was paid a set salary for all hours worked, and was not paid the required overtime premium for those hours worked over 40 per workweek; in addition, the salary was not even sufficient to pay her the federally mandated minimum wage for the hours worked.

8.     At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

9.     Plaintiff was not an "exempt" employee.

10.     Defendants did not make a good faith effort to comply with the minimum wage or overtime provisions contained within the FLSA.

11.     Defendants QINNONG HU, Individually, LI GONG, Individually and JIAXIN LIN, Individually, are the owners and control persons of NEW STARLAND, and were personally involved in the day-to-day operations of the business, and in the establishment and enforcement of personnel policies, compensation policies and record keeping responsibilities of NEW STARLAND.

12.     Defendants QINNONG HU, Individually, LI GONG, Individually and JIAXIN LIN, Individually, had the authority to hire, discipline and fire employees, and to determine employee compensation.

13.     During their first month of employment, Defendants pay their employees only one paycheck. That paycheck covers only the first pay period.  Consequently, Plaintiff was always being paid one pay period after she provided her labor.  Defendants told their employees that this delay in payment was considered a "deposit," and that the last check would be paid

4

once the employee left the company, whether that was two months or two years after their start date. But once the employees stopped working for Defendants, they were never paid for the last pay period she worked. That is, Plaintiff was not only delayed her pay by at least one pay period while working for Defendants, but she was also denied her wages for the last two weeks of work. As such, she was denied minimum wages for the last pay period she was employed by Defendants.

### Plaintiff's Allegations

14.     As a non-exempt employee, Plaintiff was entitled to be paid at time-and-one-half of her appropriate regular rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. §207 (a) (2008), and was entitled to be paid at least the federally mandated minimum wage. Defendants' practice of failing to pay minimum wage and time-and-one-half for all overtime hours worked was and is in violation of the FLSA.

15.     No exemption excuses the Defendants from paying Plaintiff the overtime rates for all hours worked over forty (40) per workweek.  In addition, the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff.  Defendant's practice of preventing employees from "clocking in" for some of the hours they worked in order to decrease the hours shown in the records demonstrates this knowing conduct.  Such practices were and are clear violations of the FLSA.

### CAUSES OF ACTION

### Violation of the FLSA – Failure to Pay Minimum Wage and Overtime Wages Owed

16. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendants.

17. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

18. Defendants are liable to Plaintiff for all unpaid minimum wages, overtime compensation, illegal deductions, liquidated damages, attorney's fees and costs of Court under the FLSA for the three-year period preceding the filing of this lawsuit.

### Alternative Claim Under Texas Labor Code

19. In the alternative, Plaintiff pleads that Defendants violated the TEXAS LABOR CODE, Chapter 62, by failing to pay Plaintiff the required minimum wage.

20. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

21. Defendants are liable to Plaintiff for all unpaid minimum wages, illegal deductions, liquidated damages, attorney's fees and costs of Court under the Texas Labor Code for the two-year period preceding the filing of this lawsuit.

### Jury Demand

22. Plaintiff demands a trial by jury on all claims she has asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's minimum and overtime wages at the applicable rates, as well as for any and all illegal deductions made;

2. Judgment against Defendants that their violations of the FLSA were willful;

3. An equal amount to the actual damages as liquidated damages;

6

4.    To the extent that liquidated damages are not awarded, an award of prejudgment interest;

5.    All costs and attorney's fees incurred prosecuting these claims;

6.    Leave to amend to add claims under applicable state laws; and

For such further relief as the Court deems just and equitable.

Respectfully Submitted,

KEVIN M. CHAVEZ, PLLC

*/s/ Kevin M. Chavez*
Kevin M. Chavez
Texas Bar No. 24034371
S.D. Tex. No. 32889
6260 Westpark Dr., Suite 303
Houston, Texas 77057
832-209-2209 Telephone
866-929-1647 Facsimile
ATTORNEY-IN-CHARGE FOR PLAINTIFF

7