**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ISABEL VASQUEZ** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **NO. 4:25-cv-1112** |
| | § | **Jury Demanded** |
| **NEW STARLAND CORP.** | § | |
| **QINNONG HU, Individually,** | § | |
| **LI GONG, Individually and** | § | |
| **JIAXIN LIN** | § | |
| | § | |
| **Defendants** | | |

**DEFENDANT, LI GONG.'S**
**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

NOW INTO COURT, through undersigned counsel, comes Defendant Li Gong and files this Original Answer and Affirmative Defenses, in response to the Complaint of the Plaintiff, Isabel Vasquez and would respectfully show as follows:

**PARTIES**

1. Defendant denies the allegations contained in Paragraph No. 1 of the Complaint generally but admits that Plaintiff was employed by New Starland Corp.

2. Defendant would show that the averments contained in Paragraph No. 2 of the Complaint include conclusions of law to which no response is required. To the extent that a response is required, Defendant admits that Qinnong Hou is the registered agent for New Starland Corp.

3. Defendant denies the allegations contained in paragraph No. 3 of the Complaint except that she can neither admit nor deny that Mr. Hou was properly served with process.

4. Defendant would show that the averments contained in Paragraph No. 4 of the Complaint include conclusions of law to which no response is required. To the extent that a response is required, Defendant admits that she was properly served with process in this lawsuit.

5. Defendant denies the allegations in Paragraph No. 5 of the Complaint except that she can neither admit nor deny that Ms. Lin was properly served with process.

## JURISDICTION AND VENUE

6. Defendant denies the allegations of Paragraph No. 6 of the Complaint except to admit that jurisdiction and venue is appropriate in this federal court and division.

## FACTUAL ALLEGATIONS

7. Defendant denies the allegations contained in Paragraph No. 7 of the Complaint except to admit that Plaintiff was employed as a dishwasher and engaged in general activities consistent with that operation in a restaurant.

8. Defendant denies the allegations contained in Paragraph No. 8 of the Complaint except to admit that Plaintiff's duly authorized and approved work benefited New Starland Corp. in the same sense as did other hourly employees.

9. Defendant admits the allegation contained in paragraph No. 9 of the Complaint that Plaintiff was a "non-exempt" employee.

10. Defendant denies the allegations contained in Paragraph No. 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph No. 11 of the Complaint except to admit that she was personally involved in the day-to-day operations of a restaurant owned and operated by New Starland Corp. including personnel, compensation and record keeping responsibilities.

12. Defendant denies the allegations contained in Paragraph No. 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph No. 13 of the Complaint.

## PLAINTIFF'S ALLEGATIONS

14. Defendant denies the allegations contained in paragraph No. 14 of the Complaint except that Defendant admits that under 29 U.S.C. §207(a) a non-exempt employee who meets the requirements of the statute is entitled to overtime pay as set forth in the Fair Labor Standards Act.

15. Defendant denies the allegations contained in Paragraph no. 15 of the Complaint.

## CAUSES OF ACTION

16. Defendant denies the allegations contained in Paragraph No. 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph No. 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph No. 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph No. 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph No. 21 of the Complaint.

## JURY DEMAND

22. Defendant admits that Plaintiff has requested a jury trial.

## PRAYER FOR RELIEF

23. Defendant denies that Plaintiff is entitled to the relief stated in the Complaint's Prayer for Relief.

## DEFENDANT'S  DEFENSES AND AFFIRMATIVE DEFENSES

24. In further response to the Plaintiff's Complaint, Defendant pleads the following defenses and affirmative defenses to Plaintiff's Original Complaint:

## FIRST AFFIRMATIVE DEFENSE

25.   Plaintiff has not stated a cause of action against this Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

26.   Defendant avers that Plaintiff's claims are barred in whole or in part by fraud, misrepresentation and/or false statements made to obtain wages for time that was not worked.

## THIRD AFFIRMATIVE DEFENSE

27.   Plaintiff's claim is barred in whole or in part by Plaintiff's unclean hands, including but not limited to misrepresentations made regarding actual time worked and/or the falsifying of time records to show that she worked more hours than the actual records show.

## FOURTH AFFIRMATIVE DEFENSE

28.   To the extent Plaintiff's claims are barred, in whole or in part, by applicable limitations, laches, waiver, accord and satisfaction, unjust enrichment, statute of Frauds and/or estoppel, Defendant asserts those defenses to such claims.

## FIFTH AFFIRMATIVE DEFENSE

29.   Defendant  asserts that if Plaintiff proves that Defendant acted in violation of the Fair Labor Standards Act, either by act or omission, which is denied, such action or omission was not willful or reckless but rather, was done in good faith and based upon a reasonable belief that such actions or omissions were not in violation of the Fair Labor Standards Act.

## SIXTH AFFIRMATIVE DEFENSE

30.     Any and all damages claimed by Plaintiff, whether actual, compensatory,

punitive, liquidated, attorney's fees or otherwise are subject to all applicable

statutory exclusions, caps and limitations, including but not limited to those set

forth in 42 U.S.C. § 1981a and applicable federal and state statutes.

## SEVENTH AFFIRMATIVE DEFENSE

31.     To the extent sought, pre-judgment interest is not available in a case brought

pursuant to 29 U.S.C. § 203 and §216.

**WHEREFORE**, **PREMISES CONSIDERED,** Defendant Li Gong, prays that her

Original Answer is deemed good and sufficient, and that this Honorable Court dismisses this case

with prejudice, award costs and attorneys' fees to Defendant and award such other and further

relief as may be allowed at law.

Respectfully submitted,

THE LAW OFFICES OF FILTEAU &
SULLIVAN, LTD, LLP.
*/s/John A. Sullivan, III*
John A Sullivan, III
State Bar No. 19483500
Fed. I.D. No. 1398
*jsullivan@fso-lawprac.com*
**ATTORNEY-IN-CHARGE**
Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
1110 NASA Parkway, Suite 470
Houston, Texas 77058-3351
*rfilteau@fso-lawprac.com*
(713) 236-1400 (Telephone)
(713) 236-1706 (Facsimile)
jsullivan@fso-lawprac.com

**ATTORNEYS FOR DEFENDANT,
LI GONG**

5

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of this Defendant's Answer has been forwarded to all parties via PACER/CM/ECF and/or electronic mail on this the 7TH day of April 2025, as follows:

**Kevin Chavez, PLLC**
Kevin Chavez
Tx Bar No. 24034371
Fed Id No. 32889
6260 Westpark Drive Suite 303
Houston, Texas 77057
(832) 209-2209

**ATTORNEY FOR PLAINTIFF**

*/s/John A. Sullivan, III*
John A. Sullivan, III